In re Estate of Elizabeth E. Smith, deceased. A. R. Hallgren, Appellant, v. William H. Utt, Administrator de bonis non, Appellee.

### Gen. No. 15,147.

ADMINISTRATION OF ESTATES—*when bar of statute against claim arises.* If a claim is not presented for allowance within the year prescribed by statute it can only be made payable out of subsequently discovered assets, and an administrator *de bonis non* is not

estopped from urging the bar of such statute because of his representation to the claimant (which amounted to a misrepresentation of law) made before his appointment that there was ample time for the presentation of such claim.

Contested claim in court of probate. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed June 2, 1910.

ERIC WINTERS, for appellant.

WALLACE E. SHIRRA, for appellee; Mason & Mason, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

November 24, 1905, letters of administration of the estate of Elizabeth E. Smith, deceased, were granted to Sheridan E. Fry by the Probate Court. February 19, 1907, A. R. Hallgren exhibited to said court his claim against said estate for money lent to the decedent, which was allowed for $1,047 as a claim of the seventh class, to be paid out of after discovered assets only. On appeal to the Circuit Court the claim was again allowed for $1,047 as a claim against said estate of the seventh class, to be paid out of after discovered assets only, and the claimant appealed.

The only question presented is as to that part of the judgment appealed from which provides that the claim shall be paid out of after discovered assets only. That question was saved for review by propositions of law submitted by the claimant and refused by the court.

The statute provides that claims of the seventh class shall include "All other debts and demands of whatever kind without regard to quality or dignity which shall be exhibited to the court within one year from granting of letters as aforesaid, and all demands not exhibited within one year as aforesaid shall be forever barred," except as to after discovered assets. R. S., chap. 3, sec. 70, clause 7.

The claim of Hallgren was not exhibited to the Probate Court within one year from the granting of letters of administration and was therefore, by the terms of the statute, barred except as to after discovered assets.

The contention of appellant is, that under the facts shown in this case it would be unjust and inequitable to permit the administrator and heirs of the intestate to set up the statute as a defense to the claim. The facts relied on are those stated in the testimony of William H. Utt, a witness called by the claimant. Mr. Utt testified that he represented the intestate in her lifetime in a suit which was tried four times; that the intestate desired the claimant to be a witness for her in said suit, and he demanded that she pay the claim in question; that claimant delivered to Mr. Utt certain checks on which the greater part of his claim was based, for which Mr. Utt gave him a receipt promising to return said checks on demand; that Mr. Utt was appointed administrator *de bonis non* of said estate in February, 1907, and did not return to claimant said checks until after such appointment; that after the death of Mrs. Smith he represented her heirs at law and settled the suit referred to and received in settlement a large sum of money; that during the year next after the granting of letters of administration, the claimant repeatedly asked Mr. Utt if he should file his claim against said estate, and was told by Mr. Utt that he need not do so; that he had until the Spring of 1907 to file the claim, and that the heirs of Mrs. Smith had promised to settle his claim. Mr. Utt further testified that he had formerly practiced law in Iowa, had not had much experience in probate law in Illinois, and thought that the law of Illinois, like the law of Iowa, gave a claimant a year to present claims from the last publication of notice to present claims; that it was at his urgent suggestion that claimant did not file his claim.

The claim was barred by the terms of the statute

when Mr. Utt was appointed administrator *de bonis non*. It is therefore immaterial what he may have said to the claimant after his appointment. His representation to the claimant that he had until the Spring of 1907 to file his claim was a representation as to matter of law.

We do not think that because of such representation, made before his appointment as administrator, he, as administrator, was estopped from insisting on the bar of the statute, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*